Filed 10/1/25  Martin v. Carroll CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| TRAVIS MARTIN,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>ANDREW CARROLL et. al.,<br><br>  Defendants and Respondents. | 2d Civ. No. B339736<br>(Super. Ct. No. 2023CUPP017460)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br>[No Change in Judgment] |

THE COURT:

It is ordered that the opinion filed herein on September 15, 2025, be modified as follows:

On page two, after the third paragraph in the Discussion section, and before the Disposition on page 3, insert the following paragraph:

"In a petition for rehearing, Appellant contends the trial court was wrong, and that a claim for fraudulent concealment is authorized under Civil Code section 1710, subdivision (3). Section 1710 subdivision (3) defines "deceit":  "A deceit, within

the meaning of [Civ. Code, § 1709], is either:  [¶]  The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact."  Appellant's petition also includes facts he would allege purporting to support a fraudulent concealment claim.  We conclude he has forfeited these claims by failing to raise them in his opening brief.  (See *Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1092 [arguments cannot be raised for the first time in a petition for rehearing], abrogated on another ground in *Martinez v. Combs* (2010) 49 Cal.4th 35, 62-66.)

There is no change in the Judgment.

Appellant's petition for rehearing is denied.

_____

GILBERT, P. J.          BALTODANO, J.          CODY, J.

2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| TRAVIS MARTIN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ANDREW CARROLL et. al.,<br><br>    Defendants and<br>    Respondents. | 2d Civ. No. B339736<br>(Super. Ct. No.<br>2023CUPP017460)<br>(Ventura County) |

Appellant Travis Martin challenges the trial court's judgment of dismissal after it sustained a demurrer to his first amended complaint without leave to amend.  He contends he should have been granted leave to amend.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed a first amended complaint (FAC) alleging two claims of negligence and two claims of respondeat superior. Defendants demurred on grounds the FAC failed to state facts sufficient to constitute a cause of action because appellant's

claims were barred by the statute of limitations and he failed to allege facts showing the defendants owed him a legal duty. Appellant opposed the demurrer and objected. After oral argument, the court sustained the demurrer without leave to amend.

## DISCUSSION

Appellant contends the trial court abused its discretion in denying leave to amend his complaint. "'When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." [Citation.]'" (*Beverage v. Apple, Inc.* (2024) 101 Cal.App.5th 736, 747.) "The appellant has the burden to identify specific facts showing the complaint can be amended to state a viable cause of action. . . . An appellant can meet this burden by identifying new facts or theories on appeal." (*Minnick v. Automotive Creations, Inc.* (2017) 13 Cal.App.5th 1000, 1004.)

Appellant contends he should have been given leave to amend because the trial court "recognized, from Appellant's brief oral description, a fraud cause of action." He is mistaken. In denying leave to amend, the trial court stated "With respect to the possibility of a fraud cause of action, the nature of the fraud that you've described is concealment, and . . . the law does not create a cause of action for concealment of a fact . . . ."

Appellant has not identified any specific facts or theories that would enable him to state a viable cause of action. The trial court did not abuse its discretion in denying him leave to amend.

## DISPOSITION

Judgment is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


CODY, J.


We concur:



GILBERT, P. J.



BALTODANO, J.


3

Mark S. Borrell, Judge Presiding
Superior Court County of Ventura

_____

Travis Martin, in pro. per., for Plaintiff and Appellant.

Clinton & Clinton, Todd M. Austin and Mollie C. Nardoni, for Defendants and Respondents, Andrew Carroll, Crystal Carroll, Kathleen Misewitch, and International Church of the Foursquare Gospel.

Brockman Quayle Bennett, Rachel B. Kushner, for Defendant and Respondent, Novo Mission, Inc.